## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **JENNIFER PAULAY** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. _____ |
| | ) | |
| **INTERNATIONAL COSMETOLOGY, INC.** | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendant | ) | |
| | ) | |

## COMPLAINT

## PRELIMINARY STATEMENT

1.      Jennifer Paulay ("Plaintiff") brings this action under Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*, and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 against International Cosmetology, Inc., doing business as Aveda Institute Maryland ("Defendant"), for failure to provide American Sign Language interpreters to ensure effective communication with her as a student in its educational program.  Defendant owns and operates a cosmetology school in Bel Air, Maryland.  Defendant refused to provide interpreters or work with the Maryland Department of Vocational Rehabilitation Services when it offered to help pay for interpreters.  Since Defendant refused to provide interpreters, Plaintiff was not able to enroll in its educational programs.  Plaintiff seeks declaratory and injunctive relief requiring Defendant to provide such interpreters for her enrollment and participation in its educational programs, nominal damages, compensatory damages, and reasonable attorneys' fees and costs.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the claims brought pursuant to 42 U.S.C. § 12181 *et seq.* and 29 U.S.C. § 794 because "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

3. This Court has personal jurisdiction over the Defendant because Defendant does business in Maryland.

4. Venue is proper in this district under 28 U.S.C. § 1391(b) because a "substantial part of the events or omissions giving rise to the claim occurred" in this judicial district.

## PARTIES

5. Jennifer Paulay is a deaf individual who resides in Frederick, Maryland.

6. Defendant International Cosmetology, Inc. is a corporation which operates educational programs under the trade name Aveda Institute Maryland which provides instruction to aspiring professionals in the fields of skin care, makeup, and massage therapy. International Cosmetology, Inc.'s registered address is 3323 Garrison Circle, Abingdon, MD 21009. Aveda Institute Maryland is located at 227 Archer Street, Bel Air, MD 21014. Its resident agent is Clare Santiago, 3323 Garrison Circle, Abingdon, MD 21009.

7. Defendant is a recipient of federal financial assistance because during the relevant time periods, it has accepted and/or continues to accept, *inter alia*, federally guaranteed student loans and funding from the CARES Act.

## STATEMENT OF FACTS

8. Plaintiff, Jennifer Paulay, is a deaf individual.

9. Ms. Paulay is substantially limited in the major life activity of hearing.

10.     Ms. Paulay struggles to understand people who use spoken language, as lip-reading is not a reliable means of communication for her.

11.     Ms. Paulay's primary means of communication is American Sign Language ("ASL"), a visual language with unique grammar and syntax which differs from English and other spoken languages.

12.     For Ms. Paulay to participate in and benefit from educational programs, qualified interpreters are necessary to ensure effective communication.

13.     Ms. Paulay aspires to become a skin care specialist (also known as an esthetician).

14.     An esthetician specializes in skin care with the goal of improving and maintaining the health and appearance of the clientele's skin.

15.     Aveda Institute Maryland has an esthetics and makeup program.  The full-time program is four months, with starting dates available every few weeks.

16.     Ms. Paulay applied to and was accepted into the program, and was eligible to start on either July 21, 2020 or August 18, 2020.

17.     To pay for school, Ms. Paulay applied for and was approved to receive federally guaranteed student loans.

18.     Since Ms. Paulay is deaf, she is eligible to receive services from the Maryland Department of Vocational Rehabilitation Services ("DORS").  DORS provides services for individuals with a disability to enable them to achieve vocational goals.

19.     On Ms. Paulay's behalf, DORS contacted the school to discuss the provision of qualified interpreters necessary for Ms. Paulay to fully participate in and benefit from Defendant's educational services and programs.

20.     Over the course of several weeks in June and July 2020, DORS communicated several times with Nicole Harmon, Defendant's director of admissions, and offered to contribute towards the cost of sign language interpreters, provided that Defendant registered as a "vendor" with DORS so that DORS could make such payments.

21.     Ms. Harmon told DORS that Defendant would not register as a vendor in order to accept funding from the agency and stated that Ms. Paulay was welcome to bring her own interpreter.

22.     On or about August 24, 2020, Ms. Paulay spoke by relay service[1] with an Aveda Institute Maryland representative from the financial aid office.  Ms. Paulay inquired about the status of her request for interpreters.  The financial aid representative told her to discuss this matter with Ms. Harmon.

23.     On or about August 25, 2020, Ms. Paulay spoke by relay service with Ms. Harmon.  Ms. Harmon told Ms. Paulay that she was welcome to enroll in classes but that the school would not pay for qualified interpreters.  Ms. Harmon also told Ms. Paulay that the school would not accept funding from DORS to pay for interpreters.  Ms. Harmon told Ms. Paulay that Ms. Paulay would need to provide her own interpreters.

24.     To date, Defendant has refused to provide qualified interpreters to ensure that Ms. Paulay can fully participate in and benefit from its educational programs and activities.  As a result, Ms. Paulay has been unable to enroll in the esthetics and makeup program and her dream of becoming an esthetician remains on hold.

---

[1] Since Ms. Paulay is deaf, she uses a "relay service" to communicate over the telephone with hearing individuals.  One form of relay is called IP relay.  During an IP relay call, a communications assistant types what the speaking individual says, and reads out loud what the deaf individual types.  Relay services are regulated by the Federal Communications Commission. 47 C.F.R. § 64.601 *et seq.*

25.     On or about March 4, 2021, Plaintiff's counsel sent a letter to Defendant requesting that Defendant provide qualified interpreters for Ms. Paulay's enrollment at the school.  Plaintiff's counsel requested a reply by March 19, 2021, but received no response.

26.     If and when Defendant provides qualified interpreters, Ms. Paulay will enroll in the school's esthetics and makeup program.

27.     As a result of Defendant's failure to provide qualified interpreters, Ms. Paulay has suffered and continues to suffer significant emotional distress, humiliation, frustration, and embarrassment.

28.     As a result of Defendant's failure to provide qualified interpreters, Ms. Paulay's career as a skin care specialist has been deferred and she has suffered economic damages, including lost wages and benefits.

## COUNT I
## SECTION 504 OF THE REHABILITATION ACT OF 1973

29.     Plaintiff, Jennifer Paulay, repeats and re-alleges the foregoing paragraphs in support of this claim.

30.     Plaintiff is substantially limited in the major life activity of hearing and therefore an individual with a disability under section 504 of the Rehabilitation Act, 29 U.S.C. § 794.

31.     Plaintiff is a qualified individual with a disability because she is eligible to enroll in Defendant's educational programs and activities.

32.     Section 504 provides that "[n]o otherwise qualified individual with a disability in the United States . . . shall, solely by reason of his or her disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a).

33.     During all relevant times, Defendant was and continues to be a recipient of federal financial assistance subject to section 504.

34.     Defendant has and continues to discriminate against Plaintiff on the basis of her disability by denying the Plaintiff auxiliary aids and services necessary to ensure effective communication between the Plaintiff and Defendant.

35.     As a result of Defendant's refusal to provide qualified interpreter services, Plaintiff has been and continues to be unable to participate in and benefit from Defendant's educational programs.

36.     Defendant has intentionally discriminated against and continue to intentionally discriminate against Plaintiff solely on the basis of disability, in violation of section 504.

37.     Plaintiff suffered damages as a result of Defendant's conduct.

## COUNT II
## TITLE III OF THE AMERICANS WITH DISBAILITIES ACT

38.     Plaintiff, Jennifer Paulay, repeats and re-alleges the foregoing paragraphs in support of this claim.

39.     Plaintiff is substantially limited in the major life activity of hearing and therefore an individual with a disability under the Americans with Disabilities Act.

40.     Defendant owns, leases, and/or operates a place of public accommodation as defined under Title III of the ADA, 42 U.S.C. § 12181(7).

41.     Title III of the ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person

who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

42.     ADA regulations provide that "[a] public accommodation shall furnish appropriate auxiliary aids and services where necessary to ensure effective communication with individuals with disabilities."  28 C.F.R. § 36.303(c)(1).

43.     Defendant has and continues to discriminate against Plaintiff on the basis of her disability by denying the Plaintiff auxiliary aids and services necessary to ensure effective communication between the Plaintiff and Defendant.

44.     As a result of Defendant's refusal to provide qualified interpreter services, Plaintiff has been and continues to be unable to participate in and benefit from Defendant's educational programs.

<b>REQUEST FOR RELIEF</b>

WHEREFORE, Plaintiff requests that the Court enter an Order:

a.      Issuing a declaratory judgment that Defendant's policies, procedures, and practices subjected Plaintiff to discrimination in violation of Section 504 of the Rehabilitation Act of 1973 and Title III of the Americans with Disabilities Act;

b.      Issuing an injunction requiring Defendant to provide qualified interpreters for all of Defendant's educational services or programs that Plaintiff enrolls in;

c.      Enjoining Defendant from implementing or enforcing any policy, procedure, or practice which denies individuals who are deaf or hard of hearing, such as Plaintiff, full and equal enjoyment and meaningful access to participate in and benefit from Defendant's educational services or programs;

d.      Awarding nominal damages;

e.      Awarding compensatory damages;

f.      Awarding reasonable costs and attorneys' fees; and

g.      Awarding any and all other relief that may be necessary and appropriate.

**JURY DEMAND**

Plaintiff hereby demands that this action be tried before a jury.

This the 29th day of March, 2021.

Respectfully submitted,

/s/ Mary Vargas
Mary C. Vargas (Md. Bar No. 14135)
Stein & Vargas, LLP
10 G Street NE, Suite 600
Washington, DC 20002
Tel. 240.793.3185
Fax 888.778.4620
mary.vargas@steinvargas.com

Marc Charmatz (Md. Bar No. 09358)
National Association of the Deaf
8630 Fenton Street, Suite 820
Silver Spring, MD 20910
Tel. 301.587.7732
Fax 301.587.1791
marc.charmatz@nad.org